**Order filed, April 15, 2014.**



In The

# Court of Appeals
### For The
# First District of Texas

———————

## NO. 01-13-01048-CR

### LUIS SANCHEZ ACOSTA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Case   1881137**

---

## ABATEMENT ORDER

The reporter's record in this case was due **January 13, 2014**. *See* TEX. R. APP. P. 35.2. On **January 29, 2014**, this court ordered **Sondra Humphrey,** the court reporter**,** to file the record within 30 days.  On **February 25, 2014, Humphrey** filed an information sheet stating that she has not received payment for this reporter's record.  On **February 26, 2014**, the Public Defender's Office responded to the information sheet providing

proof that the appellant had been found indigent in the trial court on **November 21, 2013**. The record has not been filed with the court.

In cause number 01-13-00227-CR, *Washington v. State*, this Court ordered **Humphrey** to appear and show cause as to why she had not filed the reporter's record in this court. On March 26, 2014, Humphrey failed to appear as noticed. Humphrey has also failed to file reporter records in cause numbers 01-13-00632-CR, *Castillos v. State*, 01-13-00633-CR, *Matamoros v. State*, and 01-13-0896-CR, *Bankett v. State.*

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* TEX. R. APP. P. 35.3(c). Because the reporter's record has not been filed timely as ordered in this cause and because Humphrey is delinquent on the matters listed above, we issue the following order.

We direct the judge of the County Criminal Court at Law No. 8 to conduct a hearing at which **Sondra Humphrey**, a court reporter, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether **Sondra Humphrey** should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If **Sondra Humphrey** files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing

PER CURIAM

Panel consists of Justices Jennings, Higley, and Sharp.